# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN L. DYE, JR.,

    **Plaintiff,**

    -vs-                                              Case No. 07-C-450

THOMAS J. MICHLOWSKI,
MARTHA STACKER, and
JENNIFER DEGROOT,

    **Defendants.**

## DECISION AND ORDER
_____

Plaintiff John L. Dye, Jr., who is incarcerated at Wisconsin Resource Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for reconsideration and "Motion for Relief Pending the Out-Come [sic] of 42 U.S.C. § 1983 'Action'." Both of these motions will be addressed herein.

### I. MOTION FOR RECONSIDERATION

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are

discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

By order of August 22, 2007, the court granted the plaintiff's first motion for reconsideration and vacated its order of July 10, 2007, which denied his petition for leave to proceed *in forma pauperis* because the plaintiff had accumulated three strikes under 28 U.S.C. § 1915(g). Having concluded that the plaintiff had actually incurred only two strikes, the court then granted the plaintiff's petition to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915A. The plaintiff was allowed to proceed on his claims against defendants Michlowski, Degroot and Stacker alleging that they had interfered with his right to exercise his religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. However, the court dismissed the plaintiff's due process access to courts and deprivation of property claims, his state law administrative code violation claims, and the remaining defendants. *Dye v. Lennon*, No. 07-C-450 (E.D. Wis. Aug. 22, 2007).

In addition, the court denied the plaintiff's motion for the appointment of counsel because the plaintiff had failed to establish that he had made efforts to secure counsel on his own

2

and because the court did not believe that the presence of counsel would likely make a difference in the outcome of the case. In his motion for reconsideration, the plaintiff finds fault with the court's dismissal of his access to courts, deprivation of property and administrative code violation claims and the denial of his motion for the appointment of counsel.

**A.     Dismissal of Claims in the Complaint**

       1. <u>Due Process - Access to Courts</u>

In determining that the plaintiff's complaint failed to state a due process access to courts claim, the court recognized that to succeed on such a claim, a plaintiff must show that any alleged interference caused actual injury and hindered efforts to pursue a legal claim respecting a basic constitutional right. Further, the court acknowledged that such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 351-353 (1996). After evaluating the plaintiff's allegations, the court reached the following conclusion:

> The plaintiff claims that defendants Casperson, Wieland, Lipp, Bartow, Stacker, Lennon and Gossett denied him access to the courts by failing to assist him in his efforts to have criminal charges launched against the inmate that attacked him. However, the plaintiff, as a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Leeke v. Timmerman*, 454 U.S. 83 [1982] (same); *Williams v. Holt*, 2007 WL 2274397 (M.D. Ala. July 31, 2007). Applying *Lewis,* the court finds that the plaintiff has failed to state an access to courts claim because he has not alleged that he was impeded in the pursuit of a non-frivolous legal claim. *See Williams*, 2007 WL 2274397 *6. (plaintiff's allegation that the defendant failed to assist him in his quest to obtain a criminal complaint warrant against a fellow inmate and

3

> failed to allow legal officials to bring the document to the plaintiff
> at the prison facility failed to state a valid access to courts claim).

*Dye v. Lennon*, 07-C-450 at 11 (E.D. Wis. Aud. 22, 2007). The plaintiff argues that this court misconstrued his claim as alleging that the defendants "failed and/or neglected to assist the plaintiff in his effort to have criminal charges launched" when he was actually alleging that the defendants hindered, impeded and frustrated his efforts to pursue the criminal charges. Plaintiff's Motion for Reconsideration at 2 (Doc. # 13).

Contrary to the plaintiff's assertion, the court's dismissal of his access to courts claim did not turn on the fact that the court read his complaint as alleging that the defendants failed to assist him rather than that they hindered his efforts to pursue criminal charges against a fellow inmate. Both of these factual allegations would fail to state an access to courts claim because the plaintiff has no judicially recognized interest in pursuing those criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. at 619; *Leeke*, 454 U.S. 83; *Williams v. Holt*, 2007 WL 2274397 (M.D. Ala. July 31, 2007). It is the nature of the legal proceedings plaintiff was attempting to pursue that determined the fate of his access to court's claim, not the factual allegations concerning the defendants' actions. Hence, the plaintiff has not shown that the court's conclusion that he failed to state an access to courts claim was erroneous as a matter of law or fact.

2. <u>Due Process - Deprivation of Property Claim</u>

In his complaint, the plaintiff stated that defendant Boevers improperly withheld his lamp and autographed photographs which deprived him of his property without due process

4

of law.  As noted in the August 22, 2007, decision and order, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The court also noted that Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another.  *See* Wis. Stat. §§ 893.34 and 893.51.  In assessing the plaintiff's deprivation of property claim, the court made the following determination:

> Here, the plaintiff alleges that defendant Boevers acted in contravention of state procedure when he withheld his personal property, and Wisconsin provides an adequate post-deprivation remedy for redressing his missing property.  Thus, the plaintiff may not pursue a due process claim based on the defendants' seizure of his lamp and autographed photographs.

*Dye v. Lennon*, No. 07-C-450 at 14 (E.D. Wis. Aug. 22, 2007).

In his motion for reconsideration, the plaintiff acknowledges that Wisconsin provides tort remedies to individuals whose property has been converted or damaged by another, but argues that these post-deprivation remedies are not adequate in his case because he was "permanently deprived of a hearing before the state due to the prior alleged 'three-strikes' against him." Plaintiff's Motion for Reconsideration at 5 (Doc. #13).  However, this court has previously determined that the plaintiff has not incurred three-strikes under 28 U.S.C. § 1915(g), so it is unclear how that statute's three-strikes provision, or the state counterpart set forth in Wis. Stat. § 801.02(7)(d), can be said to bar him from pursuing a state tort remedy relating to the converted property.  Moreover, the court declines plaintiff's invitation to exercise its supplemental

5

jurisdiction over a state tort claim based on defendant Boever's alleged conversion of plaintiff's property because such claim is not related to the First Amendment and RLUIPA claims, which are the only claims that the plaintiff was permitted to proceed on in this case. *See* 28 U.S.C. § 1367(a); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (court has supplemental jurisdiction over claims arising under state law when they are so related to claims arising under federal law that they form part of the same case or controversy.)

Accordingly, the plaintiff has not shown that the dismissal of plaintiff's due process deprivation of property claim was erroneous as a matter of law or fact.

### 3. State Law Administrative Code Violations Claims

Lastly, the plaintiff asks the court to reconsider it's decision refusing to exercise supplemental jurisdiction over his state law administrative code violations claims in the event that the court reinstates his due process access to courts and deprivation of property claims. Because those claims will not be "reinstated," the court declines the plaintiff's request to reconsider its decision to dismiss the administrative code violations claims.

## B. Motion to Appoint Counsel

The plaintiff also seeks reconsideration of the court's decision denying his motion to appoint counsel. He contends that he can now show that he has made attempts on his own to secure counsel and that such efforts have been unsuccessful. In support of his contention, the plaintiff has identified six attorneys who were contacted, the date of contact and their responses. He has also submitted a copy of two letters declining his request for representation. *See*

6

"'Incorporated' Affidavit Exhibit(s)" (Doc. #14). While the plaintiff does not explain why he did not submit this information with his initial motion for the appointment of counsel, it appears that he has satisfied the threshold burden for such appointment. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995) (as a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own in order to warrant appointing counsel). Nevertheless, the court will not reconsider its decision denying plaintiff's motion to appoint counsel because the plaintiff has not provided any information which calls into question the court's conclusion that, at this point in the proceedings, the presence of counsel is not likely to make a difference in the outcome of this case.

## II. MOTION FOR RELIEF

In this motion, the plaintiff requests an "'injunctive' Order that the plaintiff be moved from unit (2) for 'serious health' reasons and/or concerns." Plaintiff's Motion for Relief at 3 (Doc. #15). Although it is not designated as such, the court will treat plaintiff's motion as one for a temporary injunction.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if

7

the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on non-parties. *Id.*

As a preliminary matter, the court notes that the plaintiff's motion is unsigned which is a violation of the requirement under Rule 11, Federal Rules of Civil Procedure, that every "written motion . . . be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party." The motion will also be denied because the plaintiff has failed to satisfy his initial burden for injunctive relief. The plaintiff's motion consists solely of his unsubstantiated assertion that since being placed on Unit (2), he has "become even more stressed and depressed" which has caused him to be unable to eat after he ended his religious fasting. Plaintiff's Motion for Relief at 3-4 (Doc. #15). Plaintiff has not pointed to any evidence to support his assertions, which are, for the most part, unrelated to the First Amendment and RLUIPA religious practices claims upon which he is currently proceeding.

In the absence of such evidence, plaintiff is unable to show that he has a likelihood of prevailing on the merits of his claim that the defendants' conduct violates his constitutional rights or that he will suffer irreparable harm if the injunction is not granted. Further, his contention that the refusal by the "defendants and other WRC staff" to move him to a less stressful unit constitutes retaliation and the wanton infliction of pain is undercut by his own admission that he could earn a transfer to another unit if he follows the treatment plan requirement that he ingest 1000 calories per day for several consecutive days. *See* Plaintiff's

8

Supplemental Filing to Motion for Relief at 2 (Doc. #16). . . . ." Plaintiff's Motion for Relief at 3-4. Accordingly, the plaintiff's motion for relief will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. # 13) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for relief (Doc. #15) is **denied**.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**